IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DONALD CANZONERI,                  )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    No. 06-4114-CV-C-SOW
                                   )
MISSOURI DEPARTMENT OF MENTAL      )
HEALTH, et al.,                    )
                                   )
            Defendants.            )

### REPORT, RECOMMENDATION AND ORDER

Plaintiff Donald Canzoneri, an inmate confined at Fulton State Hospital, a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Named as defendants are Missouri Department of Mental Health, Dr. Felix Vincenz, Jay Nixon, Dorn Schuffman, Dr. Harry, Dr. Hunter, Tony Manditto, Dr. Manyinni, Marty Martin, Chales Niclas and Bill Write.

In support of his claims for relief, plaintiff alleges his confinement is in a most restrictive environment; he is subjected to the use of chemical restraints and violent clientele; defendants refuse to accommodate cultural and religious backgrounds; and he is discriminated against because of his race. Plaintiff seeks release from confinement.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee,

the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

Plaintiff's claims should be dismissed because he is challenging the duration of his confinement. It is well settled that if a plaintiff seeks a speedier release from confinement, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). See also Duncan v. Walker, 533 U.S. 167, 177 (2001) (habeas corpus review may be available to challenge legality of a state court order of civil commitment); Archuleta v. Hedrick, 365 F.3d 644, 647 (8th Cir. 2004) (Federal prisoner who had been found not guilty only by reason of insanity could state a cognizable habeas claim in jurisdiction which entered his order of commitment). This remedy, of course, requires exhaustion of all adequate and available state court remedies. Id. at 490. The state courts must have an opportunity to review the merits of petitioner's contentions and must be given primary responsibility in their own criminal cases. Fay v. Noia, 372 U.S. 391 (1963); Tyler v. Swenson, 527 F.2d 877 (8th Cir. 1976).

The fact that plaintiff seeks damages does not excuse him from first exhausting state remedies. If an award of damages under section 1983 would imply a plaintiff's underlying sentence or conviction is invalid, the court must dismiss the case, unless the sentence or conviction has already been invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994); Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995) (requiring dismissal, without prejudice).

On June 6 and 7, 2006, plaintiff filed motions for appointment of counsel. It is the practice of this court to provisionally file complaints with requests for leave to proceed in forma

pauperis. If the plaintiff is not indigent, or the complaint is frivolous, malicious or fails to state a claim for relief, in forma pauperis status may be denied. It is also the practice of this court not to appoint counsel for plaintiffs until in forma pauperis status has been granted. Then, counsel is appointed only when, in the court's discretion, it is appropriate.

THEREFORE, IT IS ORDERED that plaintiff's motions for appointment of counsel are denied, without prejudice [4, 6] It is further

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, without prejudice, for failure to state a claim for which relief can be granted, pursuant to 28 U.S.C. § 1915.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 25th day of July, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge